HAMITER, Justice.
In a bill of information the defendant, Samuel Chance, was charged with having wilfully and unlawfully possessed on the 8th day of July, 1965, in the Parish of Orleans, a narcotic drug, to wit: fifteen capsules of heroin. Convicted by a jury of twelve, he was sentenced to serve a term of ten years. From the conviction and sentence he is appealing.
In the trial court proceedings defense counsel reserved two bills of exceptions, the first being to the judge’s overruling of a motion to suppress certain evidence and the second to the court’s permitting over objection the introduction of such evidence *876 before the jury. However, since both present the same issue, they were incorporated in a single perfected bill of exceptions. That issue is whether or not the evidence in question (fifteen capsules of heroin) was obtained as an incident to a valid arrest based on probable or reasonable cause.
The trial judge, in his per curiam to the perfected bill of exceptions, states (among other things) as follows: “The testimony on the trial of the Motion to Suppress, as evidenced by the transcript, shows that officers of the New Orleans Police Department, at about 3:30 P.M. on July 8, 1965, were travelling in their automobile and, upon reaching the intersection of Washington Avenue and Robertson Streets, observed the defendant, Samuel Chance, standing on the corner. One of the officers, Officer Varnado, an officer of considerable experience, knew the defendant previously as a known narcotic user and was also in receipt of information from Officer Henry Spako of the Narcotics Squad to the effect that Samuel Chance frequently obtained narcotics on Washington Avenue. Officer Spako'further told him that (on) one occasion, on speaking to Chance, that Chance had stated to him that- while he did not live in the vicinity of Washington Avenue, he did go there, but solely for the purpose of obtaining narcotics,
“The officers alighted from the police car and walked up to the defendant, who was standing on the corner. As they were talking to him, Officer Varnado observed a green piece of paper, resembling a gum wrapper, in the defendant’s mouth. The officer asked the subject what did he have in his mouth and he responded ‘15 caps’. The officer then asked him to spit it out and' he said, T am not going to spit it out, I am not going to swallow it.’ The officer, after hearing this statement, and from his experience that some narcotic addicts carry narcotics in their mouths, placed the subject under arrest; whereupon, the defendant said, ‘Put me in the car, take me around the corner where I can’t be seen and I will spit it out.’ The officers put the defendant in the police car and went around the corner and the defendant spit it out. The officers opened the green package and it looked like heroin. The green package contained 15 capsules of white powder and the officers took the defendant to the 6th District Police-Station.
“The defendant took the stand in his own-behalf and testified that he was with a female companion at the time. He denied all of the statements of the officers at-, tributed to him and further states thát. the-first time he heard anything about the evidence was at the presentation of the evidence to him at the Precinct Station when,. ‘They came up with some evidence and said it was mine.’ The defendant did not call the female companion to the stand to testify in his behalf and testified that she was in Charleston, West Virginia.
*878 “Under questioning of the officers, there was no testimony to the effect that the defendant was under arrest, or being detained against his will, at the time of the initial contact between him and the officers. It was only when the officer (s) observed the package in the defendant’s mouth and after he had responded that he had 15 caps in his mouth, that the defendant was placed under arrest. Thus, the fact of the officer(s) knowing the defendant to be a narcotic user and having been told by a member of the Narcotics Squad that the defendant often obtained narcotics in this vicinity, together with their observance of the package in his mouth and his spontaneous statement prior to any arrest by the officers, negatives, in my mind that the evidence was illegally obtained. After the defendant stated that he had 15 caps in his mouth at a time when he was not under arrest, or not being questioned by the officers about any particular crime, (that statement), in my mind constituted considerable cause for the officers to conclude that the defendant was in illegal possession of narcotics, to wit: 15 capsules of heroin. The officers did nothing to remove the package from his mouth. In fact, the credible testimony on the Motion to Suppress shows that he voluntarily gave the evidence to the officer (s) in the police car because he did not want to be seen doing so on the street in this particular neighborhood. We can only deduce from the surrounding circumstances, and this statement by the defendant; that he did not wish to be seen by other similar type people in the process of surrendering narcotics to the officers. In any event, the facts indicate that, since there was probable cause for his arrest, there was no need to obtain a search warrant since the defendant, by his own statement, told the officers what the package in his mouth contained. The officers’ previous experience and knowledge that narcotic offenders often carry narcotics in their mouth in this type of wrapper, coupled with their seeing him and the same in the defendant’s mouth and with his own statement, convinced me that the arrest was legal and that the evidence obtained thereafter was legally obtained.
“With respect to the objection to the evidence being admitted on the grounds of an unlawful search: this raises the same question (as) on the Motion to Suppress and is covered by my Per Curiam as it pertains to the Motion to Suppress. This is the only basis for the defendant’s objection to the evidencé.
“On the trial of this matter, the female witness referred to by the defendant on the Motion to Suppress was called as a witness. She testified that the officers spoke to the defendant for approximately 5 or 10 minutes and then choked him and put him in the car. The defendant testified that the officers spoke to him for some 25 or 30 minutes before they began choking him and before they put him in the car. Additionally, the *880 reason this witness wasn’t on the hearing of the Motion to Suppress was that she was in the Federal Penitentiary in Alderson, West Virginia. The Court was not impressed with the credibility of this witness, nor with that of the defendant.”
We cannot say that the trial judge erred in his aforestated findings, they obviously being also those of the jury at the trial. The transcript of testimony before us, which has been carefully considered, amply supports such findings. Therefore, the judge committed no error in concluding “that the arrest was legal and that the evidence obtained thereafter was legally obtained.”
Section 60 of the 1928 Code of Criminal Procedure (in effect when the instant offense was committed) recited: “Any peace officer may, without a warrant, arrest a person:
“ * *
“(4) When he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it; * *
The factual and circumstantial findings of the trial judge, quoted above and which we approve, adequately show that the peace officers in question had reasonable cause to believe that the defendant Chance, immediately before his arrest, was committing the felony of possessing a narcotic drug. Hence, the arrest was valid; and the officers’ obtaining of the fifteen capsules of heroin as an incident thereto and without a search warrant, together with the later introduction of the evidence before the jury, was proper. Section 60 of the 1928 Code of Criminal Procedure, supra. See also Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); State v. McIlvaine, 247 La. 747, 174 So.2d 515 (1965); State v. Johnson, 249 La. 950, 192 So.2d 135 (1966).
It follows that the single bill of exceptions perfected herein is without merit.
For the reasons assigned the conviction and sentence are affirmed.